**SICO HOELSCHER HARRIS**
_____TRIAL LAWYERS____

Ramsey S. Al-Azem
ralazem@shhlaw.com
346.250.2217

819 N Upper Broadway
Corpus Christi, Texas 78401
Telefax 361.653.3333
www.shhlaw.com

July 21, 2025

**_VIA CM/ECF_**
The Honorable Evelyn Padin, U.S.D.J
United States District Court for the District of New Jersey
MLK Jr. Federal Bldg. & US Courthouse
50 Walnut Street
Newark, New Jersey 07102

> **Re:** **_Jane Doe (S.B.C.) v. Wyndham Hotels & Resorts, Inc., et al._**
> **Case No. 2:24-cv-11512-EP-CLW (D.N.J.)**

Dear Judge Padin:

We write on behalf of Plaintiff Jane Doe (S.B.C.) in response to Defendant Swiss Hotels 786, LLC's July 13, 2025 letter (ECF No. 34), which requests a pre-motion conference to seek leave to file a second motion to dismiss and a motion for sanctions.

Footnote 1 of Swiss' letter indicates that it will seek sanctions if Plaintiff does not withdraw her First Amended Complaint (FAC) during the Rule 11 safe harbor period. Plaintiff will not be withdrawing the amended complaint. It was filed as a matter of right under Rule 15 and reflects factual clarifications based on Plaintiff's evolving recollection, which has developed through the difficult and ongoing process of revisiting traumatic events from more than a decade ago. The notion that such amendments – made in good faith and in full compliance with the Federal Rules – could warrant sanctions is not only unfounded, but borders on frivolous.

**Plaintiff's Amendments Were Timely and Reflect Her Evolving Recollection**

Plaintiff timely filed her FAC under Rule 15(a)(1)(B). The FAC clarifies not only the overall timeframe of her trafficking, but also the specific period during which she was trafficked at the Subject Ramada, the hotel owned and operated by Swiss. In addition, it names newly identified defendants and provides further allegations of specific events at each hotel where she was trafficked, based on Plaintiff's evolving recollection of events that occurred more than a decade ago. These changes were made in good faith and without delay.

As reflected in the FAC, Plaintiff was trafficked at the Subject Ramada between approximately October 1, 2011 and August 7, 2012. Through ongoing consultation with counsel, particularly during the preparation of responses to the prior motions to dismiss, Plaintiff was able to recall with greater specificity both the relevant timeframes and the additional hotels where she had been trafficked. Over the course of multiple conversations with counsel and continued engagement in the difficult process of revisiting long-buried memories, Plaintiff was ultimately able to recall additional details and memories that had previously escaped her due to the effects of trauma and the passage of more than a decade.

1

The May 17 letter submitted by Plaintiff's counsel (ECF No. 19), as well as counsel's statements during the pre-motion telephone conference, accurately reflected Plaintiff's understanding at the time. As her memory evolved, and as she thought more deeply about events she had long suppressed and communicated those recollections to her counsel, Plaintiff's counsel amended the complaint accordingly. That is not misconduct; it is the obligation of any attorney who receives new information from their client.

Swiss further asserts that Plaintiff "shockingly" shortened the trafficking timeline. In reality, the FAC clarifies that Plaintiff's trafficking at the Subject Ramada ended in 2012, a detail not previously recalled with precision due to the passage of time and the psychological effects of trauma. This clarification is not a retreat from liability, nor is it inconsistent with her broader allegations. It reflects a location-specific update based on improved recollection, made transparently and in accordance with Rule 15.

Swiss also alleges that Plaintiff "quietly omitted" references to December 2014. This is yet another accusation that relies more on rhetoric than substance. The FAC was filed publicly, served on all parties, and amended in accordance with the Federal Rules. There was nothing "quiet" or obscured about the change. Plaintiff simply clarified a date she no longer believed to be accurate as good-faith pleading requires.

The idea that Plaintiff would knowingly omit accurate dates and defendants, only to later amend to include them, is incompatible with any plausible litigation strategy. A party acting in bad faith would have every incentive to maintain the broader timeline and general allegations – not voluntarily amend them in a way that narrows the scope of the claims. Plaintiff's decision to amend reflects the natural progression of memory in the context of trauma and counsel's obligation to present a clear and accurate record as new information emerges.

Plaintiff does not allege that her trafficking ended in 2012; only that her trafficking at the Subject Ramada ended around that time. Her broader trafficking continued well beyond that period, including at other hotel properties named in the FAC. The revised timeframe as to the Subject Ramada reflects Plaintiff's improved recollection of where and when she was trafficked and is not a concession that her claims are time-barred. Indeed, narrowing the timeframe at a specific location does not undermine the timeliness of her claims under the Trafficking Victims Protection Reauthorization Act, which provides a ten-year statute of limitations and permits delayed accrual under the discovery rule and tolling under equitable doctrines. Plaintiff's allegations plausibly support the application of both.

Plaintiff's FAC outlines how, for years, she did not fully understand the nature of what had happened to her or recognize it as trafficking. As alleged, this was due in large part to the mental and emotional impact of prolonged coercion, acts of violence, a debilitating heroin dependency, and the psychological control her trafficker exerted over her. Her delay in connecting those events to legal harm was not the product of inattention, but of trauma – an experience well-documented among trafficking survivors and a major contributing factor in the delayed emergence of memory and comprehension.

Swiss argues that Plaintiff previously "only" relied on the continuing tort doctrine, as if that somehow precludes her from asserting other tolling theories now. That is incorrect and legally unfounded. Nothing in the Federal Rules, or in any authority identified by defense counsel, requires a plaintiff to identify or commit to a single tolling doctrine at the outset of a case,

particularly where the underlying facts are rooted in trauma. The FAC now supports multiple tolling doctrines based on Plaintiff's longstanding inability to recognize the nature of her exploitation due to trauma, psychological coercion, and drug dependency. The fact that the original complaint focused on the continuing tort doctrine does not preclude Plaintiff from asserting additional, legally supported theories as her understanding of her trafficking has developed. Nor does the removal of a reference to December 2014 undermine the legitimacy of those theories. Plaintiff has consistently alleged that she was trafficked over an extended period of time, and her amended complaint continues to reflect that with greater clarity and specificity. In any event, the viability of Plaintiff's tolling arguments is a fact-intensive inquiry that is not properly resolved at the pleading stage.

### There Is No Basis for Sanctions

Swiss' threat of sanctions is not only unfounded; it is misplaced. Plaintiff's counsel has responded appropriately to new information, amended the complaint in accordance with the Federal Rules, and remained focused on the merits of the case. Attempts to reframe that process as sanctionable conduct serve only to distract from the substantive issues.

At the time of the original complaint, Plaintiff alleged trafficking at the Subject Ramada. She continues to allege the same. What has changed is her ability to more precisely identify the timeframe and the entities involved. These clarifications reflect the evolving nature of memory in survivors of trauma and do not change the substance of Plaintiff's core allegations. It is well understood that trauma can impair recollection, and it is not uncommon for survivors to provide more detailed information only after time, support, and trust have developed.

There is no indication that Plaintiff or her counsel acted in bad faith, misrepresented facts, or withheld known information. To the contrary, the record reflects that counsel proceeded based on Plaintiff's then-existing recollection and appropriately refined the allegations as additional information came to light.

### Conclusion

Plaintiff respectfully requests that the Court deny Swiss Hotels' request for a pre-motion conference. The amended complaint was timely, made in good faith, and reflects a diligent effort to present the facts as clearly and accurately as possible. Given the Court's prior authorization of motion to dismiss briefing and the well-developed nature of the issues, Plaintiff is prepared to respond to any renewed motions.

Respectfully submitted,

SICO HOELSCHER HARRIS, LLP

*/s/ Ramsey S. Al-Azem*
David E. Harris, Esq. (PHV)
Ramsey S. Al-Azem, Esq. (PHV)
819 N. Upper Broadway
Corpus Christi, TX 78401
P: (361) 653-3300
*dharris@shhlaw.com*
*ralazem@shhlaw.com*

-and-

LOCKS LAW FIRM

*/s/ Francesca Iacovangelo*
Francesca Iacovangelo, Esq.
Eric D. Bihlear, Esq.
601 Walnut Street, Suite 720 E
Philadelphia, PA 19106
P: (215) 893-3454
*fiacovangelo@lockslaw.com*
*ebihlear@lockslaw.com*

-and-

ANNIE MCADAMS PC

*/s/ Annie McAdams*
Annie McAdams, Esq.
2900 North Loop West, Suite 1130
Houston, TX 77092
P: (215) 893-3454
*annie@mcadamspc.com*
*service@mcadamspc.com*

ATTORNEYS FOR PLAINTIFF

RSA/
cc: All Counsel of Record via ECF

4